IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PORSHA R. THOMPSON                                                    PLAINTIFF

v.                                    NO. 4:22-cv-1223 JM

AUTISM IN MOTIONS CLINICS, LLC                                       DEFENDANT

<u>ORDER</u>

On March 3, 2025, the Court granted Defendant's motion for summary judgment and entered judgment for Defendant on Plaintiff's claims of race and disability discrimination and retaliation.  (Doc. Nos. 31-32). Pending is Defendant's motion for bill of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. (Doc. No. 33).

Defendant is seeking an award of $3,133.26 which includes $3,030.30 for the transcript of Plaintiff's deposition and $102.96 for the cost of printing the summary judgment notebook the Court required for documents exceeding 30 pages. (Final scheduling order, Doc. No. 11, ¶ 4). Unless a federal statute, the federal rules, or a court order provides otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 967 (8th Cir. 2023). Neither Title VII, the ADA, or the Arkansas Civil Rights Act interferes with the "strong presumption" that a prevailing party shall recover its costs "in full measure." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation omitted). *See Garcia v. Gateway Hotel L.P.*, 82 F.4th 750, 756, 757 (9th Cir. 2023); Ark. Code Ann. § 16-123-105(b).

Plaintiff argues that she "is a private citizen without sufficient funds in order to pay any such costs." However, she has not offered any evidence that she is without sufficient funds and has not otherwise met her "burden of making the showing that an award is inequitable under the

circumstances." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462–63 (3d Cir. 2000), *as amended* (Sept. 15, 2000)). Plaintiff also argues that the costs are "standard costs of defense." While this is correct, it is no defense against the application of Rule 54(d)(1). Defendant's motion for bill of costs (Doc. No. 33) is granted in full.

Plaintiff has filed a notice of appeal.  In the event she is successful on appeal, the award of costs would be reversed. *Yang* at 967. Therefore, the Court will not enter a cost judgment until after the Eighth Circuit Court of Appeals has issued a mandate.

IT IS SO ORDERED this 30th day of April, 2025.

_____
United States District Judge